**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAMS VICTOR FUNES NUNEZ, <br><br> Plaintiff, <br><br> v. <br><br> MORGAN PROPERTIES LLC, et al., <br><br> Defendants. | Civil Action No. 25-17084 (RK) (JBD) <br><br> **MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction" (the "Emergency Motion") filed by *pro se* Plaintiff Williams Victor Funes Nunez ("Plaintiff"). ("TRO," ECF No. 5.) On October 31, 2025, Plaintiff filed a Complaint, ("Compl.," ECF No. 1), and on November 26, he filed the Emergency Motion seeking to, among other things, halt state court eviction proceedings against him and have the Court order the immediate removal of his minor child's name "from all public [state] court systems and related communications." (TRO at 3.)[1]

Plaintiff alleges that Defendants are attempting to evict him.[2] (TRO at 23.) He claims that he requested that Defendants provide accommodations for his five-year-old child with autism under the Americans with Disabilities Act ("ADA") and Fair Housing Act ("FHA"). (*Id.* at 8.) Specifically, he requested (1) to be moved to a first-floor unit, (2) unspecified "housing adjustments to provide a stable sensory environment," and (3) "measures to protect the child's health and disability-related needs." (*Id.*) He claims that Defendants "approved" these

---

[1] Because the Emergency Motion lacks page numbers, the Court cites to the document's PDF page numbers.

[2] Defendants are Morgan Properties LLC, East Cranbury Crossing Apartments, Barbara J. Tierney, Rosemary Spohn, and Carolyn Cannella. (Compl. at 2.)

accommodations but never "implemented" them. (*Id.*) Plaintiff also claims that he twice withheld rent: First, because his air conditioning was inoperable, and second, due to a variety of issues including problems with billing, unsafe conditions, and the failure to implement the accommodations. (*Id.* at 7, 9.) Plaintiff further claims that he brought a civil action in state court in response to Defendant Barbara J. Tierney's "administrative harassment and intimidation" and the housing conditions. (*Id.* at 7–8.)

Plaintiff alleges that Defendants then brought "a retaliatory eviction action" in state court. (*Id.* at 1, 9.) In the course of that eviction proceeding, Plaintiff alleges that Defendant Morgan Properties LLC admitted that it erroneously disclosed Plaintiff's child's full name. (*Id.* at 9.) Plaintiff claims that the state court judge "ordered . . . [the] removal the child's name from public access" but that "the name still appears internally." (*Id.* at 10.) Plaintiff alleges that an eviction hearing is scheduled for December 17, 2025. (*Id.*)

In his Emergency Motion, Plaintiff asks the Court to "stay the state eviction action." (*Id.* at 3.) However, as the United States Court of Appeals for the Third Circuit has explained, the Anti-Injunction Act "prohibits injunctions having the effect of staying proceedings in state courts except 'as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" *In re Prudential Ins. Co. of Am. Sales Pracs. Litig.*, 314 F.3d 99, 103 (3d Cir. 2002) (quoting 28 U.S.C. § 2283). "Courts in the Third Circuit have consistently held that the Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *Poussaint v. Mendlowitz*, No. 24-5387, 2024 WL 4543062, at *2 (E.D. Pa. Oct. 22, 2024) (cleaned up) (collecting cases).

Moreover, the Act's three exceptions are "construed narrowly," and "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of

2

permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" *In re Diet Drugs*, 282 F.3d 220, 233 (3d Cir. 2002) (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)). No exceptions apply here. *First*, no statute authorizes the Court to enjoin the state court proceedings. *Cf. Frankel v. Guzman*, No. 20-5208, 2020 WL 6161512, at *1 n.1, *2 (E.D. Pa. Oct. 21, 2020) (holding that the Anti-Injunction Act prohibited the court from enjoining a state court eviction where plaintiff potentially intended to bring claims under the ADA and FHA). *Second*, the state proceedings do not "so interfer[e] with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 134 F.3d 133, 144 (3d Cir. 1998) (quoting *Atl. Coast Line R. Co.*, 398 U.S. at 295). *Third*, the Court has issued no order or judgment that could be threatened by the state proceedings. Thus, because the Court cannot grant Plaintiff the relief he seeks, his request to have the Court enjoin the state eviction proceedings is **DENIED**.

Plaintiff's other requests for emergent relief fail because he has not met the "threshold" requirement of showing that "it is more likely than not" that he will "suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); *see also Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (explaining that "[t]he movant bears the burden of showing" an entitlement to emergency relief). Plaintiff asks the Court to "order the immediate removal of [his child's] name from all public court systems and related communications," but, as Plaintiff says in his Emergency Motion, the state court judge already ordered the "removal of the child's name from public access." (TRO at 3, 10; *see also id.* at 13 (asking the Court to order "immediate removal of Plaintiff's minor son's name from all publicly accessible records, electronic systems, and automated communications related to

3

Defendants' filings").) Plaintiff contends that "the name still appears internally and continues to cause irreparable harm," including "permanent digital harm," the "risk of stigmatization, bullying, or targeting," and "significant emotional and psychological trauma." (*Id.* at 10–11.) However, Plaintiff never explains how these harms could occur due to the *internal* availability of his child's name. Accordingly, any harm is merely "speculative" and insufficient to justify emergent relief.[3] *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 488 (3d Cir. 2000).

Plaintiff also requests other miscellaneous forms of injunctive relief. Specifically, Plaintiff asks the Court to order Defendants to cease "further retaliation, harassment, or direct contact with Plaintiff and his family regarding the eviction or related matters;" prohibit the Defendants from imposing additional fees; order the preservation of certain documents; "authorize notification and oversight by appropriate federal and state agencies;" and require "Defendants to implement the previously approved ADA/FHA accommodations without further retaliation or conditions." (TRO at 13–14, 27.) However, nowhere does Plaintiff explain how he will "suffer irreparable harm in the absence of" this "preliminary relief." *Reilly*, 858 F.3d at 179. Instead, Plaintiff's discussion of irreparable harm is solely limited to the potential harms of the eviction and disclosure of his child's

---

[3] This request for emergent relief independently fails because Plaintiff has failed to meet the other "threshold" requirement of showing "a reasonable probability of eventual success in the litigation." *Reilly*, 858 F.3d at 176 (internal quotation marks omitted). In his Emergency Motion, Plaintiff characterizes his privacy claim as being brought under 42 U.S.C. § 1983. (TRO at 23–25.) However, "[t]o prevail on a § 1983 claim, a plaintiff must allege that the defendant acted under color of state law, in other words, that there was state action." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175–76 (3d Cir. 2010). Here, Plaintiff sued seemingly private entities and individuals and there is no allegation that they were acting under color of state law in disclosing his child's name. *See also Rappaport v. Norlar, Inc.*, No. 93-4756, 1994 WL 167959, at *3 (E.D. Pa. Apr. 29, 1994) ("A private individual's mere invocation of state legal proceedings does not necessarily constitute joint participation with state officials sufficient to satisfy the acting under color of law requirement of § 1983." (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 n.21 (1982)). Accordingly, there is not a reasonable probability that Plaintiff's Section 1983 claim will succeed on the merits. Although not relevant to the analysis, the Court also notes that Plaintiff himself has disclosed his child's name by repeatedly including it in the Emergency Motion. (*See generally* TRO.)

name. (*See* TRO at 25.) Accordingly, Plaintiff has failed to show an entitlement to emergent relief. *See Ferring Pharms.*, 765 F.3d at 210. Plaintiff's Emergency Motion is **DENIED**.

Therefore, **IT IS** on this 4th day of December, 2025,

**ORDERED** that Plaintiff's Emergency Motion (ECF No. 5) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to **TERMINATE** the Emergency Motion pending at ECF No. 5.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**