**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAMS VICTOR FUNES NUNEZ,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN PROPERTIES LLC et al.,<br><br>Defendants. | Civil Action No. 25-17084 (RK) (JBD)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Morgan Properties, LLC, East Cranbury Crossing Apartments, Barbara J. Tierney, Rosemary Spohn, and Carolyn Canella's (collectively, "Defendants") Motion to Dismiss *pro se* Plaintiff Williams Victor Funes Nunez's ("Plaintiff") Complaint, ("Compl.," ECF No. 1), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), ("Mot.," ECF No. 15-5). Plaintiff opposed, ("Opp.," ECF No. 16), and Defendants replied, ("Reply," ECF No. 17). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Motion to Dismiss is **GRANTED.**

## I.    BACKGROUND

### A. PROCEDURAL HISTORY

Before turning to the merits of Defendants' Motion, the Court begins with a brief overview of the procedural history in this matter. This action commenced on October 31, 2025 upon the filing of *pro se* Plaintiff Williams Victor Funes Nunez's handwritten Complaint. (*See* Compl.) Following the filing of his Complaint, on November 26, 2025, Plaintiff filed an "Emergency

Motion for Temporary Restraining Order and Preliminary Injunction." (*See generally* ECF No. 5.) In support of his Emergency Motion, Plaintiff alleged that Defendants sought to evict him, failed to provide accommodations for his autistic child in violation of the ADA and FHA, disclosed his minor child's name during the eviction proceedings, and brought a "retaliatory eviction action" in state court. (*See* ECF No. 6 at 1–2.) He also asked the Court to "stay the state eviction action." (*Id.* at 2.) In a Memorandum Order dated December 4, 2025, the Court denied Plaintiff's requests for emergent relief, finding that 1) the Court could not enjoin the state court eviction under the Anti-Injunction Act; and 2) that Plaintiff failed to demonstrate his entitlement to emergency relief. (*Id.* at 2–4.)

Following the Court's denial, counsel for Defendants entered an appearance and filed a letter requesting a pre-motion conference. (*See* ECF Nos. 7, 8.) In its December 12, 2025 letter, counsel apprised the Court, among other things, that it had not been properly served with a copy of the Complaint pursuant to Rule 4, and that it intended to file a pre-answer motion to dismiss. (ECF No. 8 at 1.) On December 22, 2025, the Court entered a Text Order explaining that a pre-motion conference was not required under the Court's Judicial Preferences and permitted Defendants to file their Motion to Dismiss. (ECF No. 11.)

### B.    PLAINTIFF'S COMPLAINT

Plaintiff seeks relief pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*; and The Privacy Act of 1974 ("Privacy Act"), 5 U.S.C. § 552a. (Compl. at 2.) Plaintiff also seeks relief for "retaliation statutory rights [sic]" pursuant to 42 U.S.C. § 1983. (*Id.*) Plaintiff names as Defendants Morgan Properties, LLC, East Cranbury Crossing Apartments, Barbara J. Tierney, Rosemary Spohn, and Carolyn Canella. (*Id.*) According to the Complaint, which seeks relief similar to that requested in Plaintiff's

2

Emergency Motion, Plaintiff states that he is a tenant with a disabled minor child. (*Id.* at 3.) Plaintiff alleges that he requested reasonable housing accommodations under both the ADA and FHA, which Defendants "approved . . . on paper." (*Id.*) However, Plaintiff alleges that Defendants failed to "execute" his request for accommodations and "refused to relocate the family to an available accessible unit" prior to Defendants filing for eviction in state court,[1] which Plaintiff deemed to be "retaliatory." (*Id.*) He maintains that Defendants filed the eviction action following Plaintiff "lawfully retain[ing] part of the rent following a toxic pool contamination incident on August 3[,] 2024." (*Id.*)

Plaintiff further alleges that Defendant Spohn, who he refers to as "corporate counsel for Morgan Properties," "publicly exposed the child's full name in court filings" in violation of the ADA and Privacy Act's "confidentiality provisions." (*Id.*) He further asserts that Defendants Tierney, the "Properties Manager of [the] Condominium," and Canella, the "Regional Manager," "[d]enied communication, [d]isclosed the minor[']s name in court notices and [made] evictions threats despite being aware of the autism diagnosis and the prior ADA accommodation approval." (*Id.*) According to Plaintiff, "[t]hese [a]ctions collectively represent retaliation[,] discrimination[,] and invasion of privacy causing severe emotional distress and financial loss to the Plaintiff[']s] [f]amily." (*Id.*)

On February 26, 2026, Defendants filed the instant Motion to Dismiss. (*See generally* Mot.)[2] Defendants argue that the Court should abstain from hearing this matter based on the

---

[1] In his Complaint, Plaintiff lists the state court docket number for this proceeding as MID-LT-009193-25. (*See* Compl. at 3.) The Court also notes that Plaintiff lists another docket number, MID-L-004287-25, on his Civil Cover Sheet, but fails to explain its significance. (*See* ECF 1-1.)

[2] Although not raised by Plaintiff, the Court finds it prudent to address the over two-month gap between the entry of the Court's Text Order permitting Defendants to file its pre-answer brief and Defendants' filing of the same. (*See* ECF No. 11; *see also* Mot.) A party generally has 21 days to file a responsive pleading under Rule 12. *See* Rule 12(a)(1)(A)(i). While Defendants' Motion is silent on this unexplained lapse in time, the Court nonetheless finds that Plaintiff has forfeited any challenge to the timeliness of Defendants' Motion

3

*Colorado River*[3] abstention doctrine, pointing to two lawsuits filed by Plaintiff which are currently pending in state court and have since been consolidated.[4] (*Id.* at 4–6.) In the alternative, Defendants argue that Plaintiff's Complaint should be dismissed for failure to state a claim. (*Id.* at 7–10.) Plaintiff submitted an opposition.[5] (*See generally* Opp.) Defendants replied, (*see generally* Reply), and Defendants' Motion is now ripe for decision.

## II.   **LEGAL STANDARD**

### A.  RULE 8

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule's purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

---

by failing to raise the issue in his Opposition brief. *See Dirauf v. Berger*, 57 F.4th 101, 109 (3d Cir. 2022) ("'[F]orfeiture is the failure to make the timely assertion of a right,' an example of which is an inadvertent failure to raise an argument." (alteration in original) (quoting *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017))). Further, Plaintiff has not otherwise sought an entry of default pursuant to Rule 55(a), which would have been the appropriate remedy in this instance. *See Trs. of N. J. B.A.C. Health Fund v. Thurston F. Rhodes, Inc.*, No. 16-892, 2017 WL 3420912, at *2 (D.N.J. Aug. 9, 2017). Since Plaintiff has forfeited any objection to the timeliness of the filing of Defendants' Motion, the Court will proceed with its analysis.

[3] *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).

[4] Defendants reference two docket numbers for cases pending in the Middlesex County Superior Court: *Funes Nunez v. Tierney*, No. MID-DC-10559-25 (N.J. Super. Ct.), and *Funes Nunez v. Morgan Properties LLC*, No. MID-L-4287 (N.J. Super. Ct.). On September 3, 2025, the Honorable Randall Corman, J.S.C., issued an Order consolidating the above cases. *See* Order of Consolidation, *Funes Nunez v. Morgan Properties LLC*, No. MID-L-4287 (N.J. Super. Ct. Sept. 3, 2025). The Court takes judicial notice of the existence of these lawsuits. *See Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

[5] Plaintiff attempts to supplement his Complaint and argue additional facts in his Opposition Brief. (*See generally* Opp.) The Court declines to consider any additional facts raised in Plaintiff's Opposition Brief not already contained within his Complaint. *Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) ("[I]t is axiomatic that facts contained within a brief but not the complaint cannot be considered at the motion to dismiss stage.").

4

The United States Court of Appeals for the Third Circuit has advised that courts should "be flexible when applying procedural rules" to and "interpreting [the] pleadings" of *pro se* plaintiffs. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013). Indeed, this caution is "driven by the understanding that implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011) (cleaned up); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." (internal quotation marks omitted)).

However, a plaintiff's *pro se* status does not permit him to ignore the requirements of the federal rules. "[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). Even a *pro se* plaintiff must "allege sufficient facts in [the] complaint[] to support a claim," *Mala*, 704 F.3d at 245, and Defendants still require "fair notice" of the claims they will be expected to answer. *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

## B. FAILURE TO STATE A CLAIM

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Restatements

5

of the elements of a claim are legal conclusions, and therefore, are inadequate to survive dismissal. *Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting *Twombly*, 550 U.S. at 555)); *see Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224–25 (3d Cir. 2011). Even if plausibly pled, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015). In short, "[a] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008)).

Mere "conclusory allegations against defendants as a group" that "fail[] to allege the personal involvement of any [d]efendant" are insufficient to survive a motion to dismiss. *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015). A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged." *Id.* When a number of defendants are named in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "*which* [d]efendants engaged in what wrongful conduct." *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013).

## III.    DISCUSSION[6]

### A.    AMERICANS WITH DISABILITIES ACT

The Court now turns to Plaintiff's first claim. Plaintiff alleges, in a conclusory manner, that Defendants violated the ADA by failing to execute his request for reasonable housing

---

[6] The Court notes that Defendants have sprinkled fleeting references to potential jurisdictional and improper service-related defenses in several court filings. For example, in its Notice of Appearance, counsel for Defendants included a sentence that stated, "Defendants do not waive any jurisdictional defenses or improper service of process defenses." (*See* ECF No. 7.) Defendants again referenced improper service in

accommodations. (Compl. at 3.) He further alleges that Defendant Spohn violated the ADA's "[c]onfidentiality [p]rovisions" by exposing his child's name in court filings. (*Id.*)

At the outset, the Court notes that Plaintiff's allegations fail to allege specific wrongdoing against each individual Defendant—except Defendant Spohn—and instead groups them together across all allegations. (*See generally* Compl. (referring to "Defendants" throughout).) Under both Rules 12(b)(6) and 8(a)(2), a complaint must allege which Defendants engaged in what wrongful conduct with greater specificity. *See, e.g., Falat,* 2013 WL 1163751, at *3; *Sheeran v. Blyth Shipholding S.A.,* No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (compiling cases

---

1) its letter requesting a pre-motion conference, (*see* ECF No. 8 at 1); 2) the instant Motion to Dismiss, (*see* Mot. at 3 (noting that "Plaintiff failed to effectuate service")); and 3) counsel for Defendants' "Attorney Declaration," (*see* ECF No. 15-1 ¶ 4). Pursuant to Rule 12(b), a party may assert by motion the defenses of lack of personal jurisdiction and insufficient service of process. *See* Rule 12(b)(2), (5). However, "[u]nder Rule 12(h), if a party proceeds to challenge a complaint by motion and fails to raise the specific defenses of lack of personal jurisdiction . . . or insufficiency of service of process, these defenses are waived and cannot subsequently be raised." *Hull v. Glob. Digital Sols., Inc.,* No. 16-5153, 2018 WL 4380999, at *12 (D.N.J. Sept. 14, 2018) (quoting *Consol. Rail Corp. v. Grand Trunk W. R. Co.,* 592 F. Supp. 562, 566–67 (E. D. Pa. 1984)); *see also Myers v. Am. Dental Ass'n,* 695 F.2d 716, 719–20 (3d Cir. 1982) (similar); *Rickman v. BMW of N. Am. LLC,* 538 F. Supp. 3d 429, 435 n.2 (D.N.J. 2021) (explaining that Rule 12(h)(1) allows a defendant, subject to waiver, to raise the various Rule 12(b) defenses in either a Rule 12(b) motion or an answer, whichever it elects to do first). Moreover, "[a]n issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before [the] court." *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.,* 26 F.3d 375, 398 (3d Cir. 1994) (cleaned up); *see also Monzon v. De La Roca,* 910 F.3d 92, 106 n. 90 (3d Cir. 2018) (holding an argument waived when the party "failed to develop this argument beyond two sentences in the 'Summary of Argument' section of his brief").

To the extent Defendants sought to preserve any defenses related to personal jurisdiction or service of process, the Court finds that they are waived. First, Defendants failed to raise any challenges to this Court's personal jurisdiction in its Motion; instead only briefly mentioning its desire to preserve the defense in a sentence in counsel's Notice of Appearance. *See Hull,* 2018 WL 4380999, at *12; *Myers,* 695 F.2d at 719–20; *see also Konigsberg v. Shute,* 435 F.2d 551, 552 (3d Cir. 1970) (per curiam) (explaining that when a defendant waives a challenge to personal jurisdiction the defendant is subject to the court's personal jurisdiction as a result). As to improper service, the Court finds that Defendants' singular reference to the same, in the Preliminary Statement of its Motion, is insufficient to properly preserve the issue before this Court. *See Laborers' Int'l Union of N. Am., AFL-CIO,* 26 F.3d at 398; *see also Monzon,* 910 F.3d at 106 n. 90. While Defendants previously raised improper service in its letter requesting a pre-motion conference, (*see* ECF No. 8 at 1), Defendants have not otherwise filed an Answer in this matter, nor can their letter be construed as a defensive pleading. As such, Defendants have also waived any defense related to improper service under Rule 12(b)(5).

7

holding that "'group pleading' does not satisfy Rule 8"). Without specifying what each Defendant did, the Court is unable to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While these pleading defects alone justify dismissal of Plaintiff's ADA claim (as well as any other claims raised in Plaintiff's Complaint that are the result of group pleading), Plaintiff cannot state a claim under any applicable title of the ADA, which warrants a dismissal of his claims with prejudice.

The Court first notes that Plaintiff fails to state which portions or titles of the ADA Defendants or Defendant Spohn purportedly violated. However, the allegations pleaded in Plaintiff's Complaint render Title I (discrimination in employment), Title IV (provisions regarding telecommunications services), and Title V (miscellaneous provisions) inapplicable. *See* 42 U.S.C. §§ 12111–17 (Title I); 47 U.S.C. § 225 (Title IV); 42 U.S.C. §§ 12201–13. In liberally construing Plaintiff's Complaint, the Court instead evaluates Plaintiff's claim under the remaining sections of the ADA—Titles II and III. *See Erickson*, 551 U.S. at 94 (courts must liberally construe pleadings by *pro se* litigants).

To successfully assert a claim under Title II of the ADA, a plaintiff must demonstrate that "(1) he is a qualified individual; (2) with a disability; (3) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 553 n.32 (3d Cir. 2007). A "public entity" under Title II is defined as "any State or local government;" "any department, agency, special purpose district, or other instrumentality of a State or States or local government;" or "the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131(1)(A)–(C). None of the Defendants

8

in the instant action constitute a "public entity" as defined by Title II of the ADA. As such, Plaintiff cannot state a claim under Title II of the ADA.

Turning next to Title III of the ADA, which prohibits discrimination by "any person who owns, leases (or leases to) or operates a place of public accommodation," 42 U.S.C. § 12182, a plaintiff must demonstrate that, "(1) he is disabled, (2) the complained-of venue is a 'public accommodation' under Title III of the ADA, and (3) the venue unlawfully discriminated against the plaintiff on the basis of his disability by failing to make a reasonable modification that was necessary to accommodate his disability," *Herrera v. Nike, Inc.*, No. 23-2947, 2024 WL 3159295, at *2 (D.N.J. June 25, 2024) (citing *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019)). Title III of the ADA identifies twelve categories of establishments which constitute "public accommodations" under the statute. *See* 42 U.S.C. § 12181(7). While "an inn, hotel, motel, or other place of lodging" is considered a place of "public accommodation" under Title III, *see* 42 U.S.C. § 12181(7)(A), the Third Circuit has stated that it "agree[s] that residential facilities such as apartments and condominiums are not transient lodging and, therefore, not subject to ADA compliance," *Regents of Mercersburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 165 n.8 (3d Cir. 2006).

Here, although it is unclear whether Plaintiff is a tenant of an apartment unit or condominium,[7] the Court finds that either would constitute a "residential facility" outside of the purview of Title III. *See Regents*, 458 F.3d at 165, n.8. Therefore, as is the case under Title II, Plaintiff fails to state a claim under Title III of the ADA. As Plaintiff cannot state a claim under any applicable provision of the ADA as a matter of law, dismissal of Plaintiff's ADA claim will

---

[7] Plaintiff lists "Cranbury Crossing Apartments" in the portion of the *pro se* Complaint form as the location of where the complained-of events occurred and alleges that Defendants "refused to relocate" him and his family "to an accessible unit." (*See* Compl. at 3.) Plaintiff then lists Defendant Barbara J. Tierney as the "Properties Manager of *Condominium.*" (*Id.* (emphasis added))

9

therefore be with prejudice. *See Wolf v. New Jersey*, No. 19-16979, 2023 WL 2367991, at *7 (D.N.J. Mar. 6, 2023) (holding that "defendants who are not public entities or who are not sued in their official capacities cannot be liable for Title II violations" (quoting *Wilson v. N.J. Div. of Child Prot. & Permanency*, No. 13-3346, 2019 WL 13260178, at *20 (D.N.J. Aug. 23, 2019))), *aff'd*, No. 23-1635, 2024 WL 5154023 (3d Cir. Dec. 18, 2024); *see also Wolf*, 2023 WL 2367991, at *6 (dismissing Title III ADA claim with prejudice where the location plaintiffs alleged that their harms occurred did not constitute public accommodation under the statute).

## B.    FAIR HOUSING ACT

As pleaded, Plaintiff appears to combine his allegations with respect to his ADA and FHA claims. (*See* Compl. at 3.) These allegations, as was the case with Plaintiff's ADA claim, also constitute impermissible group pleading. Plaintiff alleges that Defendants failed to approve his request for reasonable accommodations and failed to relocate his family to an accessible unit. (*Id.*) He further alleges that he suffered harm as a result of "discriminatory living conditions create[d] by Defendants," but also alleges that his son "who has autism experience[d] behavioral regression and stress-relat[ed] symptoms and exposed him to excessive heat, mold, and toxic conditions." (*Id.* at 4.)

The FHA prohibits housing discrimination based on race, color, religion, sex, familial status, national origin, or handicap. *See* 42 U.S.C. §§ 3601, *et seq.* "The FHA makes it unlawful to 'discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap,' or 'to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap.'" *Oxford House, Inc. v. Township of North Bergen*, 158 F.4th 486, 491 (3d Cir. 2025) (quoting 42 U.S.C. § 3604(f)(1)–(2)). To prevail

10

on a discrimination claim under the FHA, a plaintiff must prove two elements: "(1) that [he has] a 'handicap' or a 'disability' as those terms are statutorily defined; and (2) that [Defendants] discriminated against him on the basis of such handicap or disability." *Id.*

Here, the Court finds that Plaintiff fails to state a *prima facie* claim for discrimination under the FHA. Plaintiff's Complaint is silent as to any "handicap" or "disability" he may possess, let alone one that is statutorily protected. *See id.* As a result of this deficiency, Plaintiff does not, and is unable to, plausibly allege that Defendants discriminated against him on the basis of such handicap or disability. *See id.* Accordingly, the Court dismisses Plaintiff's FHA claim without prejudice.

Critically, and given the vagueness with which the Complaint is pleaded, the Court identifies a separate issue with potential future implications should Plaintiff file an amended complaint. Plaintiff identifies himself as a tenant with a disabled minor child. (Compl. at 3.) He further (ambiguously) alleges that Defendants failed to implement his requested reasonable accommodations, but also that Defendants were "aware of the autism diagnosis and the prior ADA accommodation [a]pproval." (*Id.*) He also makes references to harms suffered by his child, stating that his son "who has autism experienced behavioral regression and stress-relat[ed] symptoms" along with a myriad of other harms stemming from alleged habitability concerns. (*Id.* at 4.) These allegations, together with Plaintiff's *pro se* status, create potential issues under Rule 17(c).

It is unclear from Plaintiff's allegations whether he is attempting to assert claims on his own behalf, or—given that his son purportedly has an autism diagnosis—assert them on his son's behalf. Under Rule 17(c), four categories of parties may bring or defend an action on behalf of a minor: (1) a general guardian; (2) a committee; (3) a conservator; or (4) a "like fiduciary." Fed. R. Civ. P. 17(c)(1). As the child's father, assuming he has custodial rights relating to the child, it is

11

likely that Plaintiff is a "general guardian" who can bring such an action on his child's behalf. *See Stone v. Holmdel Twp. Bd. of Educ.*, No. 25-16869, 2026 WL 710157, at *2 (D.N.J. Mar. 13, 2026) (acknowledging that a parent is a general guardian permitted to bring an action on a child's behalf). However, "a non-attorney parent who brings an action on behalf of her minor child may not represent the child *pro se*." *Id.* (citing *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991)). This is because when minors "have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." *Osei-Afriyie*, 937 F.2d 876, 882–83 (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990)). While this in no way precludes Plaintiff's ability to proceed *pro se* on his own behalf (assuming that he asserts his own individual claims), *see* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."), Plaintiff must seek outside counsel to pursue claims on behalf of his son, if this is indeed what he intended to do by way of instituting this action. In addition to the pleading requirements outlined in Rule 8(a), any further amendment of Plaintiff's Complaint should clearly outline with specificity the contours of the relief he seeks for this Court to fully evaluate his claims. In addition, to the extent that the action is brought on behalf of the minor child, legal counsel must file a notice of appearance and litigate this case on his behalf accordingly.

## C.    PRIVACY ACT OF 1974

Plaintiff alleges that Defendants violated the Privacy Act of 1974 because they purportedly "publicly exposed the child's full name in court [f]ilings." (Compl. at 3.) Plaintiff in his Opposition, however, appears to abandon this claim, stating that "Defendants devote a portion of their motion to arguing a purported claim under the Privacy Act. That argument is improper and irrelevant to the present motion for a simple reason: there is no Privacy Act claim currently pending

12

before this Court." (Opp. at 23.) Plaintiff further states that, "[a]ny prior reference to privacy-related issues arose solely in connection with a filing related to a request for a Temporary Restraining Order," and that "[t]he operative pleading in this case does not assert a theory of liability under the Privacy Act, does not seek relief based on that statute, and does not ground any claim on alleged privacy violations." (*Id.*) Plaintiff also fails to substantively address the merits of Defendants' argument that he fails to state a claim under The Privacy Act. (*Id.*)

The Court finds that Plaintiff has abandoned his Privacy Act claim. A plaintiff who indicates in their brief an intent to withdraw that claim has abandoned that claim. *See Kehoe v. Hard Rock Hotel & Casino*, No. 24-490, 2025 WL 1693881, at \*3 (D.N.J. June 17, 2025) (finding that a plaintiff expressly abandoned his claim by stating, in his opposition brief, that "he does not care" about his claim and that dismissal of that claim "is of no consequence."); *see also Yocham v. Novartis Pharms. Corp.*, 736 F. Supp. 2d 875, 890 (D.N.J. 2010) (holding that a plaintiff abandons claim by explicitly stating so in brief). Further, even if a plaintiff does not expressly abandon a claim, "a plaintiff may abandon a claim by failing to address arguments in support of dismissing those claims in an opposition brief." *See Kehoe*, 2025 WL 1693881, at \*3 n.1.

Notwithstanding Plaintiff's abandonment of the Privacy Act claim, this Court nonetheless dismisses this claim with prejudice on the merits, as "the Privacy Act authorizes civil suits only against federal agencies, not individuals."[8] *Crandall v. McDonough*, No. 24-2899, 2025 WL 1703841, at \*2, n.4 (3d Cir. June 18, 2025). Since Plaintiff's Privacy Act claim—irrespective of his abandonment of same—fails as a matter of law, the Court dismisses this claim with prejudice, as any further amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111

---

[8] Although this is not the argument for dismissal raised by Defendants, "[d]istrict courts may dismiss claims that do not state causes of action *sua sponte*." *Malat v. Borough of Magnolia*, No. 19-14841, 2020 WL 2553858, \*2 n.3 (D.N.J. May 20, 2020) (citing *Bintliff–Ritchie v. Am. Reinsurance Co.*, 285 Fed. App'x. 940, 943 (3d Cir. 2008)).

(3d Cir. 2002) (citations omitted) (The court need not grant Plaintiff leave to amend if amendment would be "inequitable or futile.").

### D.    SECTION 1983 CLAIMS

Plaintiff's Complaint also fails to state a claim under Section 1983. Plaintiff purports to bring an action for "[r]etaliation statutory [r]ights [sic]" pursuant to 42 U.S.C. § 1983. Section 1983 provides, as relevant:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

To make out a Section 1983 claim, a plaintiff must "prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011). "The 'color of state law element is a threshold issue' and thus there is no liability under [Section] 1983 if the defendant is not acting under color of state law." *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020) (per curiam) (quoting *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995)). A private individual is only liable if they "may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A private individual may be considered a state actor where it "acted together with or . . . obtained significant aid from state officials, or because [its] conduct is otherwise chargeable to the State." *Id.* "In other words, a plaintiff must show such a tight connection between a state and the challenged action that the state could be held responsible

14

for that action." *Matrix Distributors, Inc. v. Nat'l Ass'n of Boards of Pharmacy*, 34 F.4th 190, 195 (3d Cir. 2022). To determine whether state action exists, courts look to "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (cleaned up).

Here, Plaintiff fails to state a claim under Section 1983. Beyond alleging that Defendants retaliated against him by filing an eviction action—again, without identifying with specificity which Defendant(s) allegedly did so—Plaintiff fails to identify which, if any, of his constitutional rights were purportedly violated. *See Schneyder*, 653 F.3d at 319. Further, the Defendants named in Plaintiff's Complaint consist of both seemingly private individuals and private corporations, none of which he pleads are state actors under Section 1983 and none of which he alleged acted under color of state law. *See Vaughn v. Markey*, 813 F. App'x at 833 (3d Cir. 2020) (per curiam) ("[T]here is no liability under [Section] 1983 if the defendant is not acting under color of state law."); *see also Glover v. Doe*, No. 24-11, 2025 WL 2231729, at *4 (D.N.J. Aug. 5, 2025) ("[I]t is well-settled that private landlords are not public actors for the purposes of constitutional claims."). Plaintiff's Complaint is further silent as to how any of the Defendants purportedly engaged in any state action. *See Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (per curiam) (finding that a district court properly dismissed a plaintiff's claims where plaintiff "present[ed] no allegation giving rise to a plausible inference that the Landlords conspired with state actors to deprive [him] of his constitutional rights").

15

Notwithstanding these pleading deficiencies, the Court is mindful that "in civil rights cases district courts must offer amendment—irrespective of whether it is requested," in order to avail Plaintiff an opportunity to cure pleading and legal deficiencies, if he seeks to and can do so. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Accordingly, the Court dismisses Plaintiff's Section 1983 claim without prejudice for failure to state a claim. [9]

---

[9] Because the Court dismisses this action on other grounds, it need not reach abstention under *Colorado River*. Given the narrowness of *Colorado River*, *see McMurray v. De Vink*, 27 F. App'x 88, 92 (3d Cir. 2002), tempered with this Court's "unflagging obligation" to exercise jurisdiction, *Western Auto Supply Co. v. Anderson*, 610 F.2d 1126, 1127 (3d. Cir. 1979), it is unclear to this Court whether abstention under *Colorado River* is warranted, this is especially so given the vagueness of Plaintiff's Complaint

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint is **GRANTED**. (ECF No. 15-5.) Plaintiff's claims under the ADA and Privacy Act of 1974 are dismissed with prejudice. Plaintiff's claim under the FHA and Section 1983 are dismissed without prejudice. An appropriate Order accompanies this Memorandum Opinion.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: May 4, 2026

17